IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        No. CV 10-0064 WJ/LAM
                                                          CR 09-2233 WJ

PEDRO CHACON-OCHOA,

      Defendant.

## ORDER

**THIS MATTER** is before the Court on Defendant's ***Motion Requesting Rehearing of Sentence*** (*CV Doc. 1; CR Doc. 39*)[1] filed on January 20, 2010. On December 16, 2009, the Court entered judgment on Defendant's conviction and sentence. (*CR Doc. 37*). No appeal was taken. Defendant's motion alleges that he was given an excessively long sentence, his attorney provided ineffective assistance, and he was denied the right to appeal. He asks for a new sentencing hearing.

After a judgment of conviction is entered, the Court's authority to modify a sentence is limited to specific statutory authorization. *See United States v. Smartt*, 129 F.3d 539, 540-41 (10th Cir. 1997); *United States v. Blackwell*, 81 F.3d 945, 947-49 (10th Cir. 1996); *and see United States v. Gordon K.*, 257 F.3d 1158, 1160-62 (10th Cir. 2001). Here, relief is not available under criminal procedural rules that allow certain post-conviction motions. *See* Fed. R. Crim. P. 33 (new trial) and 35 (correcting or reducing a sentence). Furthermore, the motion is not brought under any other applicable statutory provision. *See* 18 U.S.C. § 3582(c) (modification of an imposed term of imprisonment).

---

[1] The Clerk opened a civil case, apparently in anticipation of possible recharacterization of Defendant's motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

1

Defendant's allegations amount to a collateral attack on his sentence, and he may prosecute his claims only in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973) ("A federal prisoner seeking relief from his federal sentence has Section 2255 as his exclusive remedy."); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). His claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. In this circumstance,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (quoted with approval in *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).

The Court will allow Defendant to proceed under § 2255. In light of the ruling in *Kelly*, the Court notes that a potential adverse consequence of proceeding under § 2255 is that Defendant may then be barred from filing a subsequent § 2255 motion. *See* 28 U.S.C. §§ 2255(h), 2244(a). ***If Defendant does not withdraw his motion, the Court may dismiss the motion or recharacterize it under § 2255.***

**IT IS THEREFORE ORDERED** that Defendant is hereby **NOTIFIED** that, **within thirty (30) days from entry of this Order**, he may: (a) notify the Court in writing that he agrees to have his ***Motion Requesting Rehearing of Sentence*** (*CV Doc. 1; CR Doc. 39*) recharacterized and considered as a motion to vacate, set aside, or correct sentence under § 2255; (b) file a motion under

2

§ 2255 containing all of his claims; or (c) withdraw his *Motion Requesting Rehearing of Sentence* (*CV Doc. 1; CR Doc. 39*).  *If Defendant does not withdraw his motion, the Court may dismiss the motion or recharacterize it under § 2255.*

**IT IS FURTHER ORDERED** that the Clerk is directed to mail Defendant a form § 2255 motion with a copy of this Order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**